Febuary, 6th, 2008

Office of the Clerk, U.S District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102

RE: CV07-06294 WHA

Greetings,

Here are some copies from "the law library"
here that sugest San Mateo County is following
their own "California Rules of Court." There is
also information from an outside source
www.leginfo.ca.gov.

Regards,

Jaime I. Guzman

CV07-06294 WHA

2/6/2008

§13.1                          California Criminal Law Forms Manual • 270

Date: _ _ _ _ _ _                **Respectfully submitted,**

                                __[Signature of attorney]__
                                _ _[Typed name]_ _
                                _ _[Title if in public defender
                                office]_ _
                                **Attorney for** _ _[name of
                                defendant]_ _

*Comment:* Penal Code §995 motions are made in the superior court.
Pen C §995(a). Most counties have local rules of court that specify
the type of notice required, deadlines for filing the motion, the court
that will hear the motion, and the days of the week and times these
motions are heard. Defense counsel usually notice §995 motions
orally at arraignment in superior court, and are given a date for
hearing on the motion by the arraignment judge. A supporting memo-
randum must accompany the motion. Cal Rules of Ct 4.111; see
§18.2.

   While Pen C §995 motions must usually be based exclusively
on the preliminary hearing transcript (see *Stanton v Superior Court*
(1987) 193 CA3d 265, 270, 239 CR 328), there are exceptions
(see Crim Law §13.4). Examples of some of the issues that may
be raised by §995 motion are in Crim Law §§13.6–13.23. Examples
of issues that may not be raised by a Pen C §995 motion are in
Crim Law §13.21.

   Preliminary hearing transcripts must be filed with the county clerk
within ten calendar days of the close of the preliminary hearing
(Pen C §869(e)); the §995 judge usually has a copy of the transcript
in the court file. Usually, the defense and prosecution are sent a
copy of the transcript a few days before the superior court arraign-
ment. An attorney unfamiliar with practice in a particular county
should inquire whether a copy of the preliminary hearing transcript
must be attached to the motion.

   When a Pen C §1538.5 motion is made at the preliminary hearing,
it may be challenged by Pen C §995 motion; an appropriate Pen
C §1538.5 motion may also be made in superior court. *People v
Laiwa* (1983) 34 C3d 711, 195 CR 503. See Crim Law §16.25.

*Cross-Reference:* For further discussion of Pen C §995 motions,
see Crim Law, chap 13. See also Crim Law, chap 8 on preliminary
hearings.

9/07

CV07-06294 WHA

# 13

## Motion to Set Aside Information or Quash Indictment

A. Defense Motion to Dismiss Information Under Pen C §995 **§13.1**

B. Defense Motion to Quash Indictment Under Pen C §995 **§13.2**

C. Memorandum in Opposition to Motion to Dismiss Under Pen C §995 **§13.3**

D. Motion to Compel Reinstatement of Complaint (Pen C §871.5) **§13.4**

E. Request for Preparation of Transcript **§13.5**

F. Memorandum in Support of Motion to Reinstate Complaint **§13.6**

### §13.1    A. Defense Motion to Dismiss Information Under Pen C §995

*[The first page of every paper filed in court must begin with a caption, in the format prescribed by Cal Rules of Ct 2.111. See sample first page in §1.12. For discussion of Cal Rules of Ct 2.111, see §§1.4–1.10.]*

**TO THE ABOVE-ENTITLED COURT AND TO THE DISTRICT ATTOR-NEY OF _ _ _ _ _ _ COUNTY, STATE OF CALIFORNIA:**

**PLEASE TAKE NOTICE that on _ _[date]_ _, in Department _ _[number]_ _ at _ _[time]_ _, or as soon thereafter as the matter may be heard, the defendant will move that the Court set aside the information under Penal Code section 995 because _ _[give** *the relevant ground(s) of §995: the defendant was not legally committed by the magistrate, and/or the defendant was committed without reasonable or probable cause]* **_ _.**

**This motion will be based on the attached supporting**

263
9/07

CV07- 06294 WHA

memorandum, the preliminary hearing transcript, and on argument at the hearing on this motion.

Date: _ _ _ _ _ _                    **Respectfully submitted,**

    __[Signature of attorney]__
    _ _[Typed name]_ _
    _ _[Title if in public defender
    office]_ _
    **Attorney for** _ _[name of
    defendant]_ _



*MAKE ARGUMENT FOR EACH COURT OFFICER*

*CV07-06294 WHA*
*LINE 13 - 19*
*LINE 22 - 26*
*Pg 82*
*LINE 1 TO 15*

**265 • Motion to Set Aside Information or Quash Indictment**                    **§13.1**

*TAKE LAW FROM EACH ARGUMENT TO HEAD TO HAVE RIGHTS*

*P 71*
*LINE 8 - 24*
*P 72*
*LINE 1 - 26*
*P 73*
*LINE 1 - 24*
*P 74*
*LINE 1 - 7*

*P 19 LINE 16 - 26*
*P 20 LINE 1 - 23*

[*The supporting memorandum should start on a new page. Caption is unnecessary if attached to papers with caption and first page caption includes all parts of motion. See §1.9; California Criminal Law Procedure and Practice §18.5 (Cal CEB Annual).*]

### SUPPORTING MEMORANDUM

### SUMMARY OF ARGUMENT

_ _[*Summarize your argument in two to three sentences.*]_ _

### STATEMENT OF FACTS

_ _[*State facts based only on preliminary hearing transcript, unless one of the narrow exceptions that allows you to go outside the transcript applies. Those exceptions are discussed in Crim Law §13.4. Support each statement of fact by referring to the preliminary hearing transcript by page number, or page and line number. The usual style is RT (for Reporter's Transcript) followed by the page number, e.g., RT 4; line numbers are usually preceded by a colon (e.g., RT 4: 3-17).*]_ _

### ARGUMENT

[*The following general arguments may be made in a §995 motion to dismiss. For discussion of the major issues, see Crim Law, chaps 8, 13. Most §995 motions concern fact-specific issues and require research to find cases on point.*]

**THE INFORMATION CHARGES AN OFFENSE NOT NAMED IN THE ORDER OF COMMITMENT OR SHOWN BY THE EVIDENCE TO HAVE OCCURRED**

**An information may charge only an offense found by the magistrate to have occurred and named in the order of commitment, or an offense shown by the evidence to have occurred that arose out of the transaction that was the basis for the commitment on the related offense. (Penal Code section 739; *Jones v Superior Court* (1971) 4 C3d 660, 94 CR 289.)**

_ _[*Describe which count was not named in the order of commitment or shown by the evidence to have occurred.*]_ _

CV07 - 06294 WHA

**AN OFFENSE DISMISSED BY THE MAGISTRATE AFTER A FACTUAL FINDING FATAL TO THE CHARGE MAY NOT BE RECHARGED IN THE INFORMATION**

**An offense dismissed by the magistrate after a factual finding fatal to the charge may not be recharged in the superior court information. (*Jones v Superior Court, supra; Walker v Superior Court* (1980) 107 CA3d 884, 166 CR 209.)**

**In this case, the magistrate** _ _*[state the magistrate's factual findings, and explain why they were factual findings and not legal findings]*_ _.

**THE RESTRICTION ON THE RIGHT TO CROSS-EXAMINE WITNESSES RESULTED IN AN ILLEGAL COMMITMENT**

**A defendant is denied a substantial right if defense counsel is limited in the cross-examination of the prosecution's witnesses. (*Jennings v Superior Court* (1967) 66 C2d 867, 59 CR 440. See Penal Code sections 865, 866(a).) Cross-examination may be for the purpose of raising an affirmative defense, negating an element of the offense (*Jennings v Superior Court, supra*), or impeaching a witness (*Alford v Superior Court* (1972) 29 CA3d 724, 105 CR 713). (Penal Code section 866(a).)**

_ _*[Describe what cross-examination was denied the defense. Explain the purpose of the cross-examination. Hopefully, you can cross-refer to the preliminary hearing transcript page where defense counsel made an offer of proof that demonstrated the point of the cross-examination. Explain how the denied cross-examination would have fit into the above criteria, and why it was not just for purposes of discovery, which is not permitted (Pen C §866(b)).]*_ _

**THE RESTRICTION ON THE RIGHT TO PRESENT A DEFENSE RESULTED IN AN ILLEGAL COMMITMENT**

**The defense is entitled to establish an affirmative defense at the preliminary hearing. (*Jennings v Superior Court* (1967) 66 C2d 867, 880, 59 CR 440; Penal Code section 866.)** _ _*[Defendants have the absolute right to testify at the preliminary hearing. (People v Robles (1970) 2 C3d 205, 85 CR 166.)]*_ _

_ _*[Describe what affirmative defense counsel tried to put on at the preliminary hearing. You should be able to cross-refer to the*

CV07-06294 WHA

preliminary hearing transcript page where defense counsel made an offer of proof that made clear that he or she wanted to put on an affirmative defense, and what that defense was going to be. See the affirmative defenses in Crim Law §§8.13, 32.9. If the defendant was not allowed to testify, argue that point too.]_ _

**THE ONLY EVIDENCE SUPPORTING THE COMMITMENT WAS OBTAINED AS THE RESULT OF AN ILLEGAL SEARCH AND SEIZURE**

**A commitment based on illegally seized evidence is not valid and must be set aside. (Badillo v Superior Court (1956) 46 C2d 269, 294 P2d 23; Priestly v Superior Court (1958) 50 C2d 812, 330 P2d 39.) The defendant challenged the search and seizure at the preliminary examination and objected to the introduction of** _ _[describe the evidence that was seized]_ _ **on the grounds that** _ _[state grounds]_ _. _ _[Cite to reporter's transcript page numbers.]_ _ **That evidence was nevertheless admitted and considered by the magistrate, and a holding order resulted.**

**The magistrate's ruling was in error because** _ _[State why, citing legal authorities and tying them to the facts of your case. If you filed a memorandum in support of your Pen C §1538.5 motion at the preliminary hearing, attach a copy to this motion as an exhibit and cross-refer to it.]_ _

**An Information must be set aside unless the reviewing court finds sufficient competent evidence to support the magistrate's conclusion that there was probable cause to believe that a crime had been committed and that the defendant committed it. (People v Lopez (1975) 52 CA3d 263, 123 CR 855.) The evidence must present a rational basis for believing that the defendant is guilty. (People v Slaughter (1984) 35 C3d 629, 200 CR 448.)**

_ _[Although circumstantial evidence may be considered in making the determination, all inferences must be reasonable (Williams v Superior Court (1969) 71 C2d 1144, 80 CR 747); and any inferences which derive from speculation, conjecture, or guesswork must be discarded (Birt v Superior Court (1973) 34 CA3d 934, 110 CR 321).]_ _

**If the** _ _[describe evidence]_ _ **is suppressed, not enough**

**evidence remains to support a holding order, and the information should be set aside.** _ _[Explain why this is so.]_ _

_ _[SPECIFY ELEMENT OF OFFENSE NOT PROVEN AT PRELIMINARY HEARING, E.G., THE ELEMENT OF FORCE OR FEAR IN THE ROBBERY IN COUNT ONE]_ _ **WAS NOT PROVEN, THEREFORE COUNT** _ _[NUMBER]_ _ **MUST BE DISMISSED**

**There must be some evidence to support each and every element of an offense, or the finding must fail. (Panos v Superior Court (1984) 156 CA3d 626, 203 CR 115; People v Superior Court (Mendella) (1983) 33 C3d 754, 191 CR 1; People v Shirley (1978) 78 CA3d 424, 144 CR 282.) There was no evidence at the preliminary hearing in this case to support** _ _[Specify count and crime. Explain what element was missing. Support your argument with caselaw on point. See, e.g., Rodriguez v Superior Court (1984) 159 CA3d 821, 205 CR 750 (no showing of intent before force was used against victim); People v Caffero (1989) 207 CA3d 678, 255 CR 22 (in felony-murder case, no showing of malice aforethought). See other cases in Crim Law §13.9.]_ _

**THE TESTIFYING OFFICER DID NOT MEET THE REQUIRE-MENTS OF PENAL CODE SECTION 872(b)**

**In Whitman v Superior Court (1991) 54 C3d 1063, 2 CR2d 160, the Court held that Penal Code section 872(b) permits a properly qualified investigating officer to relate out-of-court statements by crime victims or witnesses, including other law enforcement personnel, without requiring the victims or witnesses to be present in court. It does not authorize a finding of probable cause based only on the testimony of a noninvestigating officer or "reader" who recites the police report of an investigating officer. The testifying officer "must have sufficient knowledge of the crime or the circumstances under which the out-of-court statement was made so as to meaningfully assist the magistrate in assessing the reliability of the statement." (54 C3d at 1075.)**

**In this case** _ _[describe what requirement was not met, e.g., the officer who testified did not have at least five years of law enforcement experience, or did not have the special training required]_ _. **Because Officer** _ _[name of officer]_ _ **did not have** _ _[describe what requirement was missing]_ _, _ _[his/her]_ _ **testimony must be stricken. (See Hollowell v Superior Court (1992)**

*[handwritten at top:]* Right to Order
Right to Line-Up
Right to Effective Counsel

*[handwritten in left margin:]* Right to Have Motion of Discrimatory Hearing Before Nov 30, 2007 Problem hearing Filed Nov 27 2007 = Hearing Nov 29, 2007 and transcript of hearing Nov 27 Nov 29

3 CA4th 391, 4 CR2d 321 (testimony stricken because of prosecution's failure to establish that training course was approved by POST).)

**THE MAGISTRATE ADMITTED MULTIPLE HEARSAY IN VIOLA-
TION OF PENAL CODE SECTION 872(b) AND *WHITMAN v
SUPERIOR COURT***

The California Supreme Court in *Whitman v Superior Court*
(1991) 54 C3d 1063, 2 CR2d 160, expressly forbade the use
of multiple hearsay. *Whitman* pointed out that Penal Code
section 872(b) does not contain an exception to Evidence Code
section 1201, which provides that multiple hearsay is allowed
only if each level of hearsay is covered by a hearsay exception.
This proscription was applied by the Court to exclude testimony
in *Shannon v Superior Court* (1992) 5 CA4th 676, 7 CR2d 47;
*People v Wimberly* (1992) 5 CA4th 439, 6 CR2d 800; and *Montez
v Superior Court* (1992) 4 CA4th 577, 5 CR2d 723.

_ _[Explain which officer testified to multiple hearsay at the
preliminary hearing in your case, and why it was multiple hearsay.]_ _

**THE DENIAL OF A SUBSTANTIAL RIGHT AT THE PRELIMI-
NARY HEARING RENDERS THE COMMITMENT ILLEGAL AND
ENTITLES THE DEFENDANT TO A DISMISSAL OF THE IN-
FORMATION**

The denial of a substantial right at the preliminary examina-
tion renders the ensuing commitment illegal and entitles a de-
fendant to dismissal of the information on timely motion. (See
*People v Pompa-Ortiz* (1980) 27 C3d 519, 523, 165 CR 851.)

_ _[Specify what substantial right was violated, e.g., the right to
counsel, to an interpreter, or for the defendant to be present. Support
the facts with relevant caselaw. See Crim Law, chaps 8, 13.]_ _

_ _[Add additional arguments.]_ _

### CONCLUSION

For the reasons stated above, the defendant respectfully
requests that this Penal Code section 995 motion be granted
and _ _[specify the desired relief, e.g., counts one and two be
dismissed]_ _.

435                    MOTION TO SET ASIDE INFORMATION                    §23.2

**§23.2    Defense Motion To Quash Indictment Under Pen C §995**

1    _ _[Name of defense attorney; State Bar number]_ _
     _ _[Address]_ _
2    _ _[City, State]_ _
     _ _[Telephone number]_ _
3    _ _[Fax number (optional)]_ _
     _ _[E-mail address (optional)]_ _
4    _ _[Attorney for _ _[name of defendant]_ _]_ _

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
                              COUNTY OF _ _ _ _ _ _
9

10   PEOPLE OF THE STATE OF CALIFORNIA,      Dept. _ _[number]_ _
                              Plaintiff,     No. _ _[case number]_ _
11   vs.                                     PENAL CODE SECTION 995 MOTION
     _ _ _ _ _ _ _ _ _ _ _ _ _,             TO QUASH INDICTMENT _ _[If
12                            Defendant.     desired, identify other
     _____/        attached papers]_ _
13
                                            _ _[Add information required
14                                          by local court rule, e.g.,
                                            trial date]_ _
15

16   TO THE ABOVE-ENTITLED COURT, AND TO THE DISTRICT ATTORNEY OF

17   _ _ _ _ _ _ COUNTY, STATE OF CALIFORNIA:

18       PLEASE TAKE NOTICE that on _ _[date]_ _, in Department _ _[num-

19   ber]_ _ at time, or as soon thereafter as the matter may be heard, the

20   defendant, name, will move that the Court quash the indictment in the

21   above-titled case because _ _[choose the applicable argument(s): (1)

22   the indictment was not found, presented, or endorsed as required by

23   the Penal Code; (2) the defendant has been indicted without reason-

24   able or probable cause; (3) the indictment was based on evidence (oth-

25   er than the sworn testimony of a law enforcement officer, qualified

26   under Penal Code section 939.6(c), relating the out-of-court state-

27   ment of a declarant and offered for the truth of the matter asserted)

28   that would not be admissible over objection at the trial of a criminal

                              -1-

1   *case, and without that evidence there is not sufficient evidence to*
2   *support an indictment]_ _.* This motion will be based on the attached
3   memorandum of points and authorities, *the attached declara-*
4   *tions(s),]_ _  _ _[the attached exhibit(s),]_ _* all papers filed and
5   records in this action, evidence taken at the hearing on this motion,
6   and argument at that hearing.

7   Date: _ _ _ _ _ _                     Respectfully submitted,

8
                                          ___[*Signature of attorney*]___
9                                         _ _[*Typed name*]_ _
                                          _ _[*Title if in public defender*
10                                        *office*]_ _
                                          Attorney for _ _[*name of defendant*]_ _
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

MOTION TO SET ASIDE INFORMATION                    §23.2

*[Begin the following on a new page.
No caption is needed if attached to
papers with caption; see §24.2.]*

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2                  **SUMMARY OF ARGUMENT**

3      _ _*[Summarize your argument in two or three sentences.]*_ _

4                    **STATEMENT OF FACTS**

5      _ _*[Summarize the facts concerning the crime(s) charged as brought*

6    *out in testimony before the grand jury. Identify in some manner (e.g.,*

7    *in parentheses following the relevant statements) testimony and evi-*

8    *dence (other than the sworn testimony of a law enforcement officer,*

9    *qualified under Penal Code section 939.6(c), relating the out-of-*

10   *court statement of a declarant and offered for the truth of the matter*

11   *asserted) that would not have been admissible over objection. Follow*

12   *each summary of particular testimony with a citation (usually in pa-*

13   *rentheses) to the page (and line, if you wish) of the grand jury tran-*

14   *script on which that testimony may be found.]*_ _

15                       *[Example]*

16       David Jones, the manager of the Villa Motel, testified before the

17   grand jury in this case to the following information. On the morning

18   of June 14, 1994, Mr. Jones was notified by a maid that the television

19   was missing from Room 24 of the Villa Motel. (RT 5) (The maid did not

20   testify. The only testimony concerning the fact that the TV was miss-

21   ing was that of Mr. Jones.)

22       _ _*[State what charges were found against the defendant by the*

23   *grand jury, and on what date.]*_ _

24                        **ARGUMENT**

25       *[The following argument alleges that the indictment was based*
     *on evidence (other than officer testimony specifically permitted*
26   *under Penal Code section 939.6(c)) that would not be admissible*
     *over objection at the trial of a criminal case. See Crim Procedure*
27   *§23.22 for discussion of other possible errors in grand jury*
     *proceedings, and the forms in §§8.1 and 8.2 of this forms manual.]*
28                          -3-

1   THE GRAND JURY MAY NOT RECEIVE EVIDENCE (OTHER THAN OFFICER

2   TESTIMONY SPECIFICALLY PERMITTED UNDER PENAL CODE SECTION

3   939.6(c)) THAT WOULD BE INADMISSIBLE ON OBJECTION

4   A grand jury may not receive evidence (other than officer testimo-

5   ny specifically permitted under Penal Code section 939.6(c)) that

6   would be inadmissible on objection at the trial of a criminal case.

7   (Pen C §939.6(b)-(c).) This means that a proper foundation must be

8   laid for the admission of documentary evidence, and that all other

9   evidentiary requirements must be met by the prosecutor.

10  AFTER ELIMINATING EVIDENCE (OTHER THAN OFFICER TESTIMONY

11  SPECIFICALLY PERMITTED UNDER PENAL CODE SECTION 939.6(c)) THAT

12  WOULD HAVE BEEN INADMISSIBLE ON OBJECTION, AN INDICTMENT MAY BE

13  SUSTAINED ONLY IF THERE REMAINS SUFFICIENT ADMISSIBLE EVIDENCE

14  TO SUPPORT IT

15  The hearsay exceptions of section 30(b) of article I of the Cali-

16  fornia Constitution and Penal Code section 872(b) do not apply to

17  grand jury proceedings. By statute, with the exception for officer

18  testimony specifically permitted under Penal Code section 939.6(c),

19  the normal rules of hearsay apply in grand jury proceedings (Pen C

20  §939.6(b)-(c)), and an indictment may not be based entirely on hear-

21  say evidence (*Cook v Superior Court* (1970) 4 CA3d 822, 84 CR 664).

22                  [*Continue with separate headings, discussion,
                    and citation to authority concerning each
23                  alleged item of inadmissible evidence presented
                    to the grand jury, as in the following example*]
24
    THE TESTIMONY OF MR. JONES THAT A TELEVISION WAS
25
    STOLEN IS HEARSAY
26
    The only evidence presented to the grand jury that returned the
27
    indictment in this case concerning a stolen television was the testi-
28
    mony of Mr. Jones that a maid told him that the television was

                              -4-

1  missing from Room 24 of the Villa Motel, of which Mr. Jones is the

2  manager. (RT 5) The maid did not testify. The only testimony concern-

3  ing the fact that the TV was missing was that of Mr. Jones; that tes-

4  timony is hearsay.

5      Hearsay evidence is "evidence of a statement that was made other

6  than by a witness while testifying at the hearing and that is offered

7  to prove the truth of the matter stated." (Evid C §1200(a).) The

8  maid's statement to Mr. Jones was hearsay.

9      THERE IS NO EXCEPTION TO THE HEARSAY RULE THAT WOULD HAVE PER-

10  MITTED THE GRAND JURY TO BASE THE INDICTMENT ON THE HEARSAY TESTIMONY

11  OF MR. JONES

12      There are exceptions to the rule that hearsay is inadmissible;

13  there are none, however, that apply to the testimony of Mr. Jones. The

14  hearsay exceptions of section 30(b) of article I of the California

15  Constitution and Penal Code section 872(b), which allow hearsay at

16  preliminary hearings, do not apply to grand jury proceedings. The ex-

17  ception for officer testimony under Penal Code section 939.6(c) does

18  not apply here because Mr. Jones is not an officer. Otherwise, by

19  statute, the normal rules of hearsay apply in grand jury proceedings.

20  (Pen C §939.6(b).)

21      AFTER ELIMINATING MR. JONES' TESTIMONY CONCERNING THE STOLEN TV,

22  THERE IS NO EVIDENCE THAT A TV WAS STOLEN, AND THEREFORE NO BASIS FOR

23  THE GRAND JURY CHARGE THAT A TV WAS STOLEN FROM THE VILLA MOTEL BY THE

24  DEFENDANT

25      There is no evidence to prove that a television was stolen from

26  the Villa Motel, after eliminating the testimony of Mr. Jones. There

27  is thus no proof that the TV set found in the trunk of the defendant's

28  car had been stolen.

-5-

1           *[Continue]*

2      A MOTION TO QUASH AN INDICTMENT BECAUSE THERE IS INSUFFICIENT

3      COMPETENT EVIDENCE TO SUPPORT IT AFTER ELIMINATING EVIDENCE IN-

4      ADMISSIBLE ON OBJECTION IS PROPERLY MADE FOR THE FIRST TIME BY

5      A MOTION PURSUANT TO PENAL CODE SECTION 995

6      An indictment based on insufficient admissible evidence may be

7   challenged by a motion to dismiss pursuant to Penal Code section 995.

8   (See *People v Backus* (1979) 23 C3d 360, 152 CR 710; *Cook v Superior*

9   *Court* (1970) 4 CA3d 822, 84 CR 664.) Further, because a defendant has

10  no opportunity to object to hearsay presented to a grand jury, that

11  hearsay may be objected to for the first time in a motion pursuant to

12  Penal Code section 995. (*Dong Haw v Superior Court* (1947) 81 CA2d 153,

13  183 P2d 724.)

14                              CONCLUSION

15      Defendant moves to _ _[quash the indictment/quash _ _[specify the

16  counts to be quashed if not all counts are based on inadmissible evi-

17  dence]_ _]_ _ because there is insufficient admissible evidence to

18  support _ _[it/them]_ _ based on the reasons stated above.

19  Date: _ _ _ _ _ _              Respectfully submitted,

20

21                                 ___[Signature of attorney]___
                                   _ _[Typed name]_ _
22                                 _ _[Title if in public defender
                                   office]_ _
23                                 Attorney for _ _[name of defendant]_ _

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## §23.3    Opposition to Motion To Dismiss Under Pen C §995

```
 1   _ _[Name of District Attorney]_ _
     _ _[Name of District Attorney's office]_ _
 2   _ _[Name of deputy district attorney; State Bar number]_ _
     _ _[Address]_ _
 3   _ _[City, State]_ _
     _ _[Telephone number]_ _
 4   _ _[Fax number (optional)]_ _
     _ _[E-mail address (optional)]_ _
 5

 6

 7

 8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
                             COUNTY OF _ _ _ _ _ _
 9
     PEOPLE OF THE STATE OF CALIFORNIA,      Dept. _ _[number]_ _
10                           Plaintiff,      No. _ _[case number]_ _
     vs.                                     MEMORANDUM OF POINTS AND
11   _ _ _ _ _ _ _ _ _ _ _ _,               AUTHORITIES IN OPPOSITION TO
                             Defendant.       DEFENDANT'S MOTION TO DISMISS
12   _____/        UNDER PENAL CODE SECTION 995
                                             _ _[If desired, identify other
13                      .                     attached papers]_ _

14                                           _ _[Add information required
                                             by local court rule, e.g.,
15                                           trial date]_ _

16              MEMORANDUM OF POINTS AND AUTHORITIES

17                        SUMMARY OF ARGUMENT

18      _ _[Summarize your argument in two to three sentences, concluding

19   with your position that the defense motion should be denied.]_ _

20                          SUMMARY OF FACTS

21               [Select one of the following paragraphs.]

22      The defense statement of facts is hereby adopted by reference.

23                               [Or]

24      The defense statement of facts is hereby adopted by reference and

25   augmented as follows: _ _[Add additional facts from preliminary hear-

26   ing or grand jury proceedings, supported by reference to the Report-

27   er's Transcript, page, or page and line, e.g., RT 2; or RT 2, Lines

28   3-14; or RT 2: 3-14.]_ _
```

-1-

## PROOF OF SERVICE

The last part of the motion is the proof of service. See instructions and sample forms in §§24.6–24.9.

## PARTS OF MOTION

- Notice of motion, notice of motion and motion, or motion (see §24.1)
- Memorandum of points and authorities (see §24.2)
- Copy of grand jury transcript, or selected pages from it, if necessary (check local practice), attached as an exhibit (see §24.15)
- Proof of service

## FILING AND SERVICE

- Original filed with criminal court or court in which motion heard, depending on local practice
- Copy to prosecutor
- Copies to all other parties
- Copy to client (optional)
- Copy for your file

## DEFENSE COMMENT

See the Defense Comment to §23.1 for discussion of Pen C §995 motions in general. See also the motions in chap 8 of this Forms Manual.

If counsel wishes to quash the indictment based on error in grand jury composition, see the form in §8.1. A motion to quash the indictment because the prosecutor did not inform the jury of evidence reasonably tending to negate guilt (commonly called a *Johnson* motion) is in §8.2.

## PROSECUTION COMMENT

In general, the prosecution argues that, whatever error occurred in the grand jury proceedings, it was not extreme enough to constitute a denial of due process. See *People v Backus* (1979) 23 C3d 360, 391, 152 CR 710. With regard to the existence of incompetent evidence presented to the grand jury, even if the grand jury heard evidence that would be inadmissible at trial, the indictment is *not* void if sufficient competent evidence to support the indictment was also presented to the grand jury. Pen C §939.6(b). See also *People v Olf* (1961) 195 CA2d 97, 15 CR 390.

## CROSS-REFERENCE

See discussion of Pen C §995 motions in Crim Procedure, chap 23, and discussion of grand jury proceedings in Crim Procedure, chap 8. See also the Comments at the end of the forms in §§8.1–8.2.

686.  In a criminal action the defendant is entitled:
   1. To a speedy and public trial.
   2. To be allowed counsel as in civil actions, or to appear and
defend in person and with counsel, except that in a capital case he
shall be represented in court by counsel at all stages of the
preliminary and trial proceedings.
   3. To produce witnesses on his behalf and to be confronted with
the witnesses against him, in the presence of the court, except that:

   (a) Hearsay evidence may be admitted to the extent that it is
otherwise admissible in a criminal action under the law of this
state.
   (b) The deposition of a witness taken in the action may be read to
the extent that it is otherwise admissible under the law of this
state.

995.  (a) Subject to subdivision (b) of Section 995a, the indictment
or information shall be set aside by the court in which the
defendant is arraigned, upon his or her motion, in either of the
following cases:
    (1) If it is an indictment:
    (A) Where it is not found, endorsed, and presented as prescribed
in this code.
    (B) That the defendant has been indicted without reasonable or
probable cause.
    (2) If it is an information:
    (A) That before the filing thereof the defendant had not been
legally committed by a magistrate.
    (B) That the defendant had been committed without reasonable or
probable cause.
    (b) In cases in which the procedure set out in subdivision (b) of
Section 995a is utilized, the court shall reserve a final ruling on
the motion until those procedures have been completed.

1200.   (a) "Hearsay evidence" is evidence of a statement that was
made other than by a witness while testifying at the hearing and that
is offered to prove the truth of the matter stated.
    (b) Except as provided by law, hearsay evidence is inadmissible.
    (c) This section shall be known and may be cited as the hearsay
rule.

Jaime F. Guzman
I.D # 106923 8 -
300 Bradford St.
Redwood City, CA 94063

Clerk of the Clerk of Dist
Northern District of Californ
450 Golden Gate AVE
San Francisco