United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME F. GUZMAN, | No. C 07-6294 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| COUNTY OF SAN MATEO and CITY OF EAST PALO ALTO POLICE DEPARTMENT, | |
| Defendant. | |

This case was opened when plaintiff, who is a pretrial detainee at the San Mateo County Jail, wrote a letter to the court which he characterized as his "official filing of a federal civil law suit[]" against the above defendants. Because the letter, treated as a complaint, did not provide the information necessary to allow the Court to conduct the initial screening required by 28 U.S.C. § 1915A(a), it was dismissed with leave to amend. Plaintiff has amended.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that Palo Alto police officers subjected him to an "illegal interrogation," that he was entrapped, and that he was not allowed to make a phone call.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).

*Heck* applies to claims arising out of pending charges, as here. *See Cabrera v. City of Huntington Park*, 159 F.3d 37, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). *Heck* bars claims which necessarily implicate the validity of pending criminal charges. *See Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1997). A civil claim which necessarily implicates the validity of pending criminal charges does not accrue until after one has succeeded in the criminal realm. *Id.* (citing *Heck*).

Therefore, this complaint fails to state a cognizable claim under § 1983 and must be dismissed. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (pretrial detainee's telephone access claim barred by *Heck*).

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February  27 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\GUZMAN6294.DSM.wpd